J-S03037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FLOYD WILSON | |
| Appellant | No. 2006 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002168-1975

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 06, 2015**

Floyd Wilson appeals, *pro se*, from the order entered on June 2, 2014, in the Court of Common Pleas of Delaware County, denying him relief on his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In his sole issue on appeal, Floyd claims the PCRA court erred in failing to apply the holding of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012).[1]  Following a thorough review of the submissions by the parties, relevant case law, and the certified record, we affirm on the sound reasoning of the PCRA court, and direct the parties to attach a copy of the trial court's comprehensive

---

[1] The Supreme Court decided **Jackson v. Hobbs** concurrently with **Miller**. We will refer to the case simply as **Miller**.

Pa.R.A.P. 1925(a) opinion, dated September 25, 2014, in the event of further proceedings.

On March 25, 1975, Floyd and co-defendant, Lewis Lee, attempted to rob two off duty police officers, including Robert Sparks, who was the Chief of Police of the Glenolden Police Department.  During the course of the robbery, Floyd shot and killed Sparks.  At the time he committed the crime, Floyd was 17 years, 9 months and 27 days old.  After his conviction of first-degree murder and related charges, and when the jury could not agree upon imposition of the death penalty, Floyd was sentenced to a mandatory term of life imprisonment.

Floyd's subsequent procedural/appellate/Post Conviction Hearing Act (PCHA)[2] history is well documented in the PCRA court opinion, so we need not recite it herein.  However, on June 25, 2012, the U.S. Supreme Court issued the aforementioned decision in **Miller**, wherein it was held that a sentence of mandatory life imprisonment, imposed upon a defendant who was a minor at the time of the commission of the crime, was a violation of the 8th Amendment prohibition against cruel and unusual punishment.  The **Miller** decision did not specifically declare the holding to be retroactive to all such similarly situated minor defendants whose judgments of sentence were

---

[2] Floyd's prior petition for collateral relief was filed under the PCHA, the predecessor to the PCRA.

already final. On August 6, 2012, Floyd filed this second PCRA petition,[3] seeking relief pursuant to the dictates of **Miller**.

While his petition was pending before the PCRA court, our Supreme Court issued its decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). **Cunningham** expressly determined the holding in **Miller**, prohibiting the automatic imposition of life imprisonment upon a defendant who was a minor at the time of the commission of the crime, was not retroactive. Accordingly, defendants such as Floyd, whose judgments of sentence were already final,[4] are not entitled to relief under **Miller**. Despite Floyd's invitation to do so, neither the trial court nor we have the authority to overrule our Supreme Court's decision in **Cunningham**.

The trial court's September 25, 2014, Pa.R.A.P. 1925(a) opinion delivers an able analysis of the specifics of Floyd's current claim, as well as several claims Floyd has abandoned in this appeal. We now rely upon that

_____

[3] Floyd was appointed counsel, who later filed a no-merit letter and motion to withdraw as counsel with the PCRA court. The PCRA court granted permission to withdraw and Floyd has proceeded *pro se*.

[4] After this Court affirmed Floyd's judgment of sentence on direct appeal, the Pennsylvania Supreme Court denied Floyd's Petition for Allowance of Appeal on January 31, 1983. Accordingly, Floyd's judgment of sentence became final on April 1, 1983 when the 60-day time limit for filing a petition for *writ of certiorari* to the United States Supreme Court expired. (In 1983, U.S.Sup.Ct.R. 20 provided a 60-day time limit. Current U.S.Sup.Ct.R. 13 provides a 90-day time limit.)

sound rationale and direct the parties to attach a copy of that decision in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2015